UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALLIED SALES DRIVERS AND
WAREHOUSEMEN, LOCAL NO. 289,
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

        Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                            Civil File No. 11-1745 (MJD/LIB)

SARA LEE BAKERY GROUP,
SARA LEE CORPORATION,

        Defendant.

James T. Hansing, Hansing Law Office, Counsel for Plaintiff.

Cynthia A. Bremer, Anthony B. Byergo, Jody A. Ward-Rannow, and Nicholas J. Walker, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Docket No. 13] and Defendant's Motion for Summary Judgment [Docket No. 19]. The Court heard oral argument on October 12, 2012. Because, under the doctrine of res judicata, a previous federal judgment forecloses this

current lawsuit, the Court denies Plaintiff's motion and grants Defendant's motion.

## II.    BACKGROUND

### A.    Factual Background

#### 1.    The Parties

Defendant Sara Lee Bakery Group, Sara Lee Corporation[1] ("Sara Lee") and Plaintiff Allied Sales Drivers and Warehousemen, Local No. 289, International Brotherhood of Teamsters ("Union") have been parties to a collective bargaining relationship for a number of years.  The two most recent collective bargaining agreements were in effect from December 11, 2005 through December 6, 2008 and from December 7, 2008 through December 3, 2011.  (DeBuck Decl., Exs. 1-2.) During the time of these two agreements, the Union represented a bargaining unit consisting of three groups of Sara Lee employees: route sales representatives ("RSRs"), transport drivers, and shipping employees. (DeBuck Decl. ¶ 5.)  RSRs are generally paid a commission and deliver bakery products to Sara Lee retail or to institutional customers in step-van vehicles.  (Id.)

---

[1] After this lawsuit was filed, Sara Lee's bakery operations were purchased, so the true defendant in this action is Earthgrains Baking Companies, Inc. However, the parties continue to use the name "Sara Lee" to avoid confusion. ([Docket No. 20] Def.'s Mem. in Support at 1 n.1.)

The collective bargaining agreements contain a mandatory grievance-arbitration provision, which applies to any controversy regarding the agreements. (2005-08 Collective Bargaining Agreement, Art. 16; 2008-11 Collective Bargaining Agreement, Art. 16.)

### 2. The Dispute Regarding Aldi

On October 1, 2007, Union president Michael DeBuck learned that Sara Lee was permitting the discount grocery chain, Aldi, to pick up Sara Lee products at Sara Lee's Roseville bakery and deliver them to an Aldi terminal or distribution center in Faribault, Minnesota. (DeBuck Decl. ¶ 7.) DeBuck believed that this practice was a violation of the collective bargaining agreement; therefore, on October 1, 2007, he filed a grievance asserting that this work should have been assigned to Sara Lee's transport drivers represented by the Union. (Id. ¶ 7; DeBuck Decl., Ex. 3.)

The parties convened for an arbitration hearing before Arbitrator Richard Miller on September 18, 2008. (DeBuck Decl. ¶ 15.) At that hearing, the Union sought to proceed with regard to the October 1, 2007 grievance regarding transport drivers and Aldi, an October 22, 2007 amendment to the grievance regarding transport drivers and Super Valu and Nash Finch, and a February 21,

2008 amendment regarding the RSRs. (DeBuck Decl. ¶ 16.) Sara Lee opposed the Union's attempt to proceed on multiple theories. (Id. ¶ 17.) The parties then agreed not to submit the RSR grievance at that hearing. (Id.) The Arbitrator held an evidentiary hearing regarding whether the Union could proceed with the October 22, 2007 amendment concerning Sara Lee's relationship with Super Valu and Nash Finch and the transport drivers. (Id.)

### 3. The September 2008 Grievance on Behalf of the RSRs

On September 23, 2008, the Union filed a grievance on behalf of the RSRs, regarding Sara Lee's practice of permitting Aldi to pick up Sara Lee's products at Sara Lee's Roseville plant and deliver them to an Aldi terminal or distribution center in Faribault, Minnesota. (DeBuck Decl. ¶ 18; DeBuck Decl., Ex. 10.)

### 4. The 2009 Arbitration Award

On November 20, 2008, Arbitrator Miller held that the Union could proceed on its amended October 27, 2007, grievance as to the violations regarding Super Valu and Nash Finch and the transport drivers. (DeBuck Decl. ¶ 19; DeBuck Decl., Ex. 11.)

The arbitration occurred on December 8, 2008 before Arbitrator Miller. (DeBuck Decl., Ex. 12, Feb. 20, 2009 Award at 2.) The formal issues to be decided were:

1. Did the Company violate the Collective Bargaining Agreement by allowing third parties such as Aldi, Super Valu and Nash Finch to pick up product produced by the Company and transport the product to their warehouse sites? Or, in the alternative, does this transport run work belong to bargaining unit transport drivers?

2. If so, what is the appropriate remedy?

(DeBuck Decl. ¶ 20; Feb. 20, 2009 Award at 2.)

In the Arbitrator's February 20, 2009 Award, he denied the Union's grievance and held that the collective bargaining agreement permitted Sara Lee to enter into agreements with Aldi, Nash Finch, and Super Valu to allow them to pick up and transport Sara Lee's products. (Feb. 20, 2009 Award at 23.) The Arbitrator found that, additionally, past practices between the Union and Sara Lee required denial of the Union's grievance. (Id. at 24.)

### 5. Attempt to Arbitrate the September 2008 Grievance

On March 3, 2009, the Union sent a letter to Sara Lee requesting arbitration of the Union's September 23, 2008 grievance on behalf of the RSRs regarding Aldi. (Def. Ex. 3, Mar. 3, 2009 Letter.) On March 25, 2009, Sara Lee sent a letter

5

to the Union stating that the previous arbitration had resolved the issue. (Def. Ex. 4, Mar. 25, 2009 Letter.) As of March 25, 2009, the Union was aware that Sara Lee was refusing to arbitrate the new grievance. (Def. Ex. 2, DeBuck First Dep. 33-34.)

On April 21, 2009, the Union sent another letter to Sara Lee requesting arbitration. (Def. Ex. 5, April 21, 2009 Fax.) At that time, the Union knew that Sara Lee had already taken the position that the September 23, 2008 grievance was not arbitrable and was refusing to arbitrate. (DeBuck First Dep. 35.)

On May 27, 2009, Sara Lee sent a responsive letter, again refusing to arbitrate. (Def. Ex. 6, May 27, 2009 Letter.) At that time, the Union was aware that Sara Lee refused to arbitrate the matter. (DeBuck First Dep. 36-39.)

### 6. The First Lawsuit

On May 21, 2010, the Union filed a lawsuit against Sara Lee in this District to compel arbitration of the September 23, 2008 grievance regarding the RSRs and Aldi. See Allied Sales Drivers & Warehousemen, Local No. 289, International Brotherhood of Teamsters v. Sara Lee Bakery Group, Civil File No. 10-2110 (JNE/FLN).

### 7. January 10, 2011 Grievance

On January 10, 2011, while the case was pending before the Honorable Joan Ericksen, the Union again grieved the practice of allowing Aldi to pick up and deliver Sara Lee's product at the Roseville bakery, rather than having them delivered by Union-represented RSR's. (Def. Ex. 9, Jan. 10, 2011 Grievance.) Specifically, it stated: "Payment due to Route Sales Representatives for product delivered to Aldi's from January 3, 2011 to the present and continuing. Violations of Articles 2, 5, 9, and 10." (Id.) DeBuck testified that the January 2011 grievance was the same as the grievance that the Union had filed in September 2008. (See Def. Ex. 10, DeBuck Second Dep. 36-38, 47-50.) The difference between the two grievances was that the 2008 grievance sought relief from September 2008 going forward and the January 2011 grievance sought relief from January 3, 2011 going forward.

Sara Lee immediately denied the January 2011 grievance and refused to arbitrate. (Compl. ¶ VIII.)

### 8. Judge Ericksen's Decision

On April 15, 2011, Judge Ericksen issued an Order on the parties' cross motions for summary judgment. Judge Ericksen granted Sara Lee's motion and

7

dismissed the lawsuit. The court held that a 6-month limitations period applied to the Union's motion to compel arbitration. Moreover, the court rejected the Union's argument that the 6-month limitations period did "not apply because the underlying alleged violation of the collective bargaining agreements is a continuing violation." (Apr. 15, 2011 Order at 3.) It was undisputed that the Union demanded arbitration of the September 23, 2008 grievance in March 2009, and Sara Lee refused to arbitrate by, at the latest, May 2009. Thereafter, the Union waited one year to file the federal lawsuit. The court concluded that the lawsuit was untimely and dismissed it.

### 9. 2011 Arbitration Demand

Following dismissal of the federal lawsuit, the Union sent a letter to Sara Lee demanding arbitration of its January 10, 2011 grievance. Sara Lee notified the Union that it would not arbitrate the claim on the grounds that Judge Ericksen had already declared the arbitration demand for this dispute untimely.

### B. Procedural History

On June 30, 2011, the Union filed a Complaint against Sara Lee in this Court requesting that the Court order Sara Lee to proceed to arbitration of the January 10, 2011 RSR grievance under Article 16 of the 2008-11 collective

8

bargaining agreement. The Complaint was brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).

### B. Arbitration

"When deciding whether to compel arbitration, this court applies a two part test: we must first consider whether a valid agreement to arbitrate exists. If a valid agreement exists, we then consider the scope of the agreement." United Steelworkers of Am., AFL-CIO-CLC v. Duluth Clinic, Ltd., 413 F.3d 786, 788 (8th

Cir. 2005) (citations omitted). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id. (citation omitted).

Here, the parties agree that the collective bargaining agreement contains a valid arbitration provision and that the arbitration provision covers the dispute regarding whether RSRs are entitled to receive a commission for products picked up by Aldi. The sole question before the Court is whether this lawsuit to compel arbitration is barred – by res judicata from Judge Ericksen's decision, by the statute of limitations, or by collateral estoppel from the previous arbitration award.

    C.    **Res Judicata Based on Judge Ericksen's Decision**

    1.    **Standard for Res Judicata**

"The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (citation omitted).

> Under res judicata a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. To establish that a claim is barred by res judicata a party must show: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or

those in privity with them); and (4) both suits are based upon the same claims or causes of action.

Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (citations omitted).

### 2. Res Judicata and Labor Disputes

As an initial matter, the Court rejects the Union's argument that, in labor disputes, the arbitrator, not the court, should determine whether res judicata applies. "The question of whether a petition to compel arbitration is timely under the statute of limitations is an appropriate issue for the court; where the district court has jurisdiction to hear a claim, it necessarily has jurisdiction to determine the timeliness of that claim." United Rubber, Cork, Linoleum, & Plastic Workers of Am., AFL-CIO, CLU, Local 164 v. Pirelli Armstrong Tire Corp., 104 F.3d 181, 183 (8th Cir. 1997) (citation omitted). Judge Ericksen held that the original lawsuit to compel arbitration of the dispute was time barred, under 29 U.S.C. § 160(b)'s six-month statute of limitations, which was an appropriate exercise of jurisdiction under Pirelli Armstrong Tire. Now, this Court is also properly exercising its own jurisdiction to determine the res judicata effect of Judge Ericksen's previous ruling on the question of the federal statute of limitations.

### 3. Whether the Disputes Differ

The lawsuit before Judge Ericksen involved the same parties, was based on proper jurisdiction, and resulted in a final judgment on the merits. See Austin v. Super Valu Stores, Inc., 31 F.3d 615, 618, 618 n.5 (8th Cir. 1994) (noting that both federal and Minnesota law "grant preclusive effect to dismissals based on statute of limitations grounds"). Additionally, the Court concludes that both lawsuits are based on the same claims or causes of actions.

Both the previous lawsuit and current lawsuit involve the same issue: whether Sara Lee's practice of allowing Aldi to pick up Sara Lee's products at the Roseville bakery, rather than having them delivered by the RSRs, violates the collective bargaining agreement, and whether Sara Lee must arbitrate that dispute with the Union.

As DeBuck's testimony confirms, the September 2008 grievance that formed the basis of the case before Judge Ericksen is based on the same facts as the January 2011 grievance that forms the basis of this lawsuit. Sara Lee began allowing Aldi to pick up Sara Lee products from the Roseville bakery and take them to Aldi's center in Faribault in, at the latest, 2007, and the practice has not stopped or changed since then. The Union was aware of the practice since, at the latest, 2007, and, based on Judge Ericksen's ruling, the Union was aware that

Sara Lee refused to arbitrate the Aldi situation with regard to the RSRs since, at the latest, 2009.  The relief sought in the January 2011 grievance, seeking relief from January 2011 to the present, is merely a subset of that sought in the 2008 grievance, seeking relief from September 2008 going forward to the present. Judge Ericksen's ruling explicitly held that the Union failed to file a timely complaint to compel arbitration with regard to the same dispute at issue in this case.  Therefore, Judge Ericksen's April 15, 2011 Order and Judgment bars relitigation of the dispute under res judicata.

The Union attempts to avoid identity of the claims by asserting a continuing violation and claiming that each day that Sara Lee refuses to pay commissions to the RSRs for Aldi pick-ups is a new violation.  "[A] cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly articulates its refusal to arbitrate the dispute."  Bass v. City of Sioux Falls, 232 F.3d 615, 617-18 (8th Cir. 1999) (citation omitted).  In Judge Ericksen's 2011 decision, the court explicitly rejected the Union's argument that its grievance regarding the RSRs and Aldi was not time barred "because the underlying alleged violation of the collective bargaining agreements is a continuing violation."  (Apr. 15, 2011 Order at 3.)  Therefore, the issue of whether

13

the violation was continuing and spanning both the 2005-8 and 2008-11 collective bargaining agreements has already been decided on these same facts, so Judge Ericksen's decision on the statute of limitations is res judicata.

Moreover, the Eighth Circuit holds that a continuing violation theory does not apply to an unfair labor practice violation under the 6-month statute of limitations applicable in this case, 29 U.S.C. §160(b), once the employer gives "clear and unequivocal notice" that the unfair labor practice has occurred. N.L.R.B. v. Jerry Durham Drywall, 974 F.2d 1000, 1004 (8th Cir. 1992).

In Jerry Durham Drywall, the Eighth Circuit explained how, in a 1980 case, the NLRB had applied a continuing violation theory based on an employer's continuous failure to make trust fund payments. Id. (citing Farmingdale Iron Works, Inc., 249 NLRB 98 (1980), enforcement granted by 661 F.2d 910 (2d Cir. 1981)). The Eighth Circuit noted that, in Farmingdale, "the Board held that the violations, based on the company's failures to make trust fund payments, were 'separate and distinct' violations that could be litigated even though there had been similar failures to make payments prior to the 10(b) period." Id. (citing Farmingdale Iron Works, Inc., 249 NLRB at 99). The Eighth Circuit explained that the continuing violation theory was only applicable in Farmingdale because,

14

in that case, the employer "'did not convey a clear and unequivocal intention to repudiate' the collective-bargaining agreement until a date within the six-month limitation period." Id. (quoting Farmingdale Iron Works, Inc., 249 NLRB at 98-99). The Eighth Circuit then held:

> When there is notice of a clear and unequivocal repudiation, the continuing violation theory no longer applies and a party is required to file its unfair labor practice charge within six months of receipt of such notice. Because the Union had clear and unequivocal notice of Durham's repudiation, the continuing violations theory does not apply.

Jerry Durham Drywall, 974 F.2d at 1005 (citation omitted).

Applying Jerry Durham Drywall here, the Union cannot allege a continuing violation, with each new day of Aldi pick-ups as a new violation, because, by May 2009, the Union was aware of Sara Lee's unequivocal position that it would let Aldi pick up and not pay RSR commissions and that it would not arbitrate that issue. In 2009, the Union had clear and unequivocal notice of Sara Lee's alleged violation, and there could be no continuing violation past that point. Therefore, res judicata applies, and, additionally, the six-month statute of limitations bars this current lawsuit.

**D.    Attorneys' Fees**

Finally, the Court rejects Sara Lee's request for attorneys' fees. "Under the bad faith exception, a trial court may award attorney's fees to a prevailing party when it finds the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990)) (citation omitted). Here, there is no evidence that the Union acted in bad faith in bringing this claim.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment [Docket No. 13] is **DENIED**.

2. Defendant's Motion for Summary Judgment [Docket No. 19] is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 31, 2012     s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court